April 24, 1992

CLERK OF COURT
SUPREME COURT, CNMI
FILED

92 APR 24 A10 : 3 1

BY: _____

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

THE OFFICE OF THE ATTORNEY ) APPEAL NO. 91-015
GENERAL and THE OFFICE OF ) CIVIL ACTION NO. 91-353
IMMIGRATION AND NATURALIZATION )
OF THE COMMONWEALTH OF THE )
NORTHERN MARIANA ISLANDS, )
                                )
        Petitioners-Appellees,   )        OPINION
                                )
            vs.                 )
                                )
ARTURO D. DEALA,                )
                                )
        Respondent-Appellant.    )
_____)

Argued January 10, 1992

Counsel for Respondent-Appellant:    Reynaldo O. Yana
                                     P. O. Box 52
                                     Saipan, MP  96950

Counsel for Petitioners-Appellees:   Patricia Halsell
                                     Office of the Attorney
                                         General
                                     Saipan, MP  96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

BORJA, Justice:

This is an appeal by Arturo D. Deala (hereafter Deala) from an

order of the trial court concluding that he is deportable under `3 CMC § 4340(e), pursuant to a finding made under 3 CMC § 4434(g). For the reasons stated herein, we vacate the order of deportation.

## FACTS

Deala was a non-resident worker employed on Rota. His work permit expired on January 8, 1988. Upon expiration of his employment contract, his employer gave him a return ticket to the Philippines by way of Saipan.

Deala went to Saipan. But instead of catching his connecting flight to the Philippines, he stayed on Saipan and filed a labor complaint against his former employer on February 16, 1988, in the Department of Commerce and Labor (hereafter Labor). Labor advised him that he had the responsibility of remaining in contact with Labor.

Stan Benavente (hereafter Benavente) of Labor was assigned as investigator of the case about 2 months after the filing of the complaint. He interviewed Deala and the employer. Benavente advised Deala to remain in contact. After such interviews, he believed that Deala's complaint was frivolous.

Several months later, Benavente encountered Deala working illegally as a security guard at the Nikko Hotel. He instructed Deala to come to Labor to discuss his case. Deala did not appear as requested.

Labor Hearing Officer Felix Fitial granted Deala a Temporary

Work Authorization on August 29, 1988. This was after Benavente observed Deala working at the Nikko.

Benavente failed to put in writing the result of his investigation, i.e., that there was no violation. The Chief of Labor also failed to make a written decision as required by law.

The Chief of Labor saw Deala on Saipan in November 1990. Labor then notified the Immigration Office.

The Immigration Office initiated the deportation process on April 29, 1991. The matter came before the court on May 15, 1991, on an order to show cause why Arturo D. Deala should not be deported. David A. Wiseman represented Deala at the hearing.

After hearing testimony, and after reviewing the petition, motion, and declaration, and hearing argument of counsel, the court made the following findings of fact:

> 1.   Respondent [Deala] was employed on Rota. Respondent's Work Permit expired on January 8, 1988. His employer provided Respondent with a return ticket to the Philippines, with a connection flight from Rota to Saipan. Respondent flew to Saipan and thereupon filed a Labor complaint against his employer on February 16, 1988, which was his statutory right.
> 2.   The court finds the testimony of Labor Investigator Stan Benavente credible, and finds that Mr. Benavente instructed Respondent to report to him regularly during the labor investigation of his complaint, that Respondent failed to make himself available to Labor so that Labor could timely investigate and resolve his labor complaint, that Mr. Benavente discovered Respondent working for another employer without prior authorization from the Department of Labor, and that Respondent failed to diligently pursue his

labor complaint.

    3. The maximum statutory time period in which an alien may remain in the Commonwealth once he is no longer employed is 30 days from the date of filing his labor complaint, pursuant to 3 CMC § 4434(g). Therefore, the Respondent is an alien present in the Commonwealth illegally since February 8, 1988.

Office of the Attorney General v. Deala, C.A. No. 91-358 (Super. Ct. May 16, 1991)("Order of Deportation").

The court ordered that Deala be deported, but stayed the order pending appeal.

The trial judge found Deala to be deportable on the basis of his entry permit having expired.

## ISSUES PRESENTED[1]

1. Does 3 CMC § 4434(g) violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution?

2. Did Deala abandon his labor complaint?

## STANDARD OF REVIEW

The first issue challenges the constitutionality of a statute

---

[1]The Office of the Attorney General submitted another issue as being whether there are other grounds to deport Deala, independent of 3 CMC § 4434(g), so that the Court need not reach the issue of the constitutionality of this statute. This issue was not before the trial court and we will not address it. The issue does not fall within one of the three exceptions that would allow us to address it. See Ada v. Sablan, No. 90-006, 1 N.Mar.I. 164 (Nov. 16, 1990); Camacho v. NMI Retirement Fund, No. 90-007, 1 N.Mar.I. 131 (Sept. 21, 1990).

and is reviewed de novo. Commonwealth v. Peters, No. 90-026 (N.M.I. Jan. 8, 1991).

The second issue involves the findings of fact made by the trial court that Deala abandoned his labor case. This is subject to the clearly erroneous standard. Reyes v. Ebetuer, No. 90-017 (N.M.I. Jan. 29, 1992).

ANALYSIS

I.

3 CMC § 4434(g) states as follows:

(g) A nonresident worker who has left his or her employment whose contract of employment has expired, or who is no longer employed by the employer approved by the Chief, shall not be permitted to remain in the Commonwealth. Except that, a nonresident worker shall be allowed to remain in the Commonwealth for a period not to exceed 20 days in order to pursue a civil action against his or her employer for a breach of their employment contract, other civil or criminal claims, or to pursue violations of any Commonwealth or federal labor law. Provided, however, for a claim made against an employer for failure to pay the contract wages, a nonresident worker shall only be allowed to remain in the Commonwealth for a period of 30 days in order to pursue such action where a timely claim is made for failure to pay the contract wages and where the employer fails or refuses to pay the full sum of money as ordered by the Director within the ten day period provided by this section. A nonresident worker who has left the Commonwealth shall be allowed to return no sooner than five days before their scheduled trial date in the Commonwealth Superior Court or federal court. Such person will be required to exit the Commonwealth within three days after the termination of the trial, or any continuances thereof.

Deala attacks the above statutory provision only on procedural

115

due process grounds. He maintains that it is unconstitutional on its face and violates his right to due process under the 14th Amendment to the U. S. Constitution.

Deala maintains that the above statutory procedure does not afford non-resident workers meaningful notice and an opportunity for a hearing before he or she is deprived of his property right. His property right in this case is his claim for unpaid wages. He argues that it is impossible for a non-resident worker to exhaust his or her administrative remedies and then file an action in court within the required 30 day period.

The Attorney General's Office, on the other hand, contends that the statute is constitutional since the 30 day time period does not start to run until the administrative remedies have been exhausted.

We agree with the interpretation of the Attorney General.[2]

In an administrative proceeding where a person's life, liberty, or property is at stake, Article I, § 5 of the Commonwealth Constitution requires, at a minimum, that the person be accorded meaningful notice and a meaningful opportunity to a hearing, appropriate to the nature of the case. 3 CMC § 4434(g)

_____

[2]At oral argument, Deala admitted that if we agreed with the interpretation of the Attorney General, then the statute would not violate procedural due process.

We discuss the issue of the violation of procedural due process under our Constitution, Article I, § 5, because its guarantee is similar to the due process clause of the 14th Amendment to the U.S. Constitution. See Commonwealth v. Bergonia, No. 91-001, slip op. at 12 (N.M.I. Mar. 19, 1992).

116

does not violate Article I, § 5 because an employee is adequately provided with notice and an opportunity for a hearing prior to its application. That is, the 30 day period does not commence until a determination has been made by the Director of the Department of Commerce and Labor on the employee's claim, after notice and an opportunity for a hearing.

3 CMC § 4434(g) specifically states that the employee has 30 days to pursue a claim "where a timely claim is made for failure to pay the contract wages and where the employer fails or refuses to pay the full sum of money as ordered by the Director within the ten day period provided by this subsection."

The words "as ordered by the Director within the ten day period provided by this subsection" refers to 3 CMC § 4434(f). Subsection (f) deals with the filing of a lawsuit after an employer is given 10 days from notification of the decision of the Director and the employer fails or refuses to pay the amount due and owing.

Reading subsection (g) together with subsection (f) makes it clear that the 30 days in subsection (g) starts to run after the Director of the Department of Commerce and Labor has issued a decision on the matter. If the meaning of a statute is clear, we will not construe it contrary to its plain meaning. King v. Board of Elections, No. 91-039 slip op. at 5 (N.M.I. Dec. 30, 1991).

Other statutory provisions provide adequate notice and opportunity for a hearing. An employee is given the right to file an employee grievance with the Chief of Labor. 3 CMC § 4447(b).

117

This is the start of the "opportunity to a hearing" that is provided the employee. Section 4447(b) then refers the employee to section 4444 for the required hearings before the Chief of Labor. If the employee is dissatisfied with the actions of the Chief of Labor, the employee has an administrative appeal to the Director of the Department of Commerce and Labor. 3 CMC § 4445. If the employee is still dissatisfied with the review made by the Director, the employee has another opportunity for review before the Superior Court. 3 CMC § 4446.

Notice to the employee of the administrative proceedings are specifically provided by 3 CMC § 4444(c), and by specifically incorporating the notice requirements of 1 CMC § 9109 of the Administrative Procedure Act. 3 CMC §§ 4444(a) & 4445(b).

3 CMC § 4434(g) does not violate an employee's procedural due process rights. But saying that the statutory provision passes constitutional scrutiny does not end the matter.

The fact remains that the Director of Labor has not issued a written determination in this matter, as required by law. Therefore, the 30 day period for Deala has not yet begun to run. The trial court's conclusion in number 3 of its findings is erroneous.

II.

The Attorney General's argument that Deala abandoned his claim because he did not diligently pursue his claim is not a valid

118

argument. The statute does not allow the Director to disregard the requirement that he issue a written decision. All that the statute requires of Deala is that he file his complaint with Labor. He did this. The statute does not state that he has to check Labor periodically on the status of his claim. The Court has not been advised by the parties of a Labor regulation requiring adversaries in a labor dispute to check Labor periodically on the status of their case.

In employee grievance cases, the statute clearly states that once a non-resident employee files his or her labor complaint with the Chief of Labor, the Chief of Labor or his designee must investigate the complaint and issue a written determination within 30 days of the filing of the complaint. 3 CMC § 4447(b). An appeal from such a written determination is to be made to the Director within 15 days of the determination. 3 CMC § 4445(a). The Director or his designee must render a decision no longer than 15 working days from the date of appeal. 3 CMC § 4447(b). An appeal to the Superior Court must then be made within 15 days of the Director's decision. 3 CMC § 4446.

## CONCLUSION

The Order of Deportation is hereby **VACATED** and the complaint shall be dismissed.

Our decision does not preclude Labor from complying with the statute as outlined above. Labor shall issue a written

119

determination within 30 days of the dismissal of the complaint. Such determination shall be served upon Deala. If the determination is adverse to Deala, he will have 15 days from the date of the determination to file an appeal to the Director. If an appeal is filed with the Director, the Director must render a decision within 15 work days of the filing of the appeal. If the Director's decision is adverse to Deala, he may file an appeal to the Superior Court within 15 days of the Director's decision. Once an appeal is filed with the Superior Court, Deala's 30 day period under 3 CMC § 4434(g) commences.

In addition, our decision does not preclude the Immigration Office from seeking a deportation order based on statutory grounds other than 3 CMC § 4434(g).

Jose S. Dela Cruz
Chief Justice

Ramon G. Villagomez
Justice

Jesus C. Borja
Justice